**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **HUSEYIN IMRAG,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Case No. CIV-26-2702-J** |
| **WARDEN OF THE DIAMONDBACK CORRECTIONAL FACILITY, et al.,[1]** | ) | |
| | ) | |
| **Respondents.** | ) | |

# REPORT AND RECOMMENDATION

Petitioner Huseyin Imrag, a noncitizen proceeding through counsel,[2] seeks a writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1.[3] United States District Judge Bernard M. Jones, II referred the matter to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C).

---

[1] The Warden of the Diamondback Correctional Facility, Fred Figueroa, is not a federal official and the Government did not file its response on his behalf. Doc. 12, at 1 n.1.

[2] This Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

[3] Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

Doc. 3. Respondents filed a response, Doc. 12, and the time for Petitioner to reply has expired.[4] So, the matter is at issue.

For the reasons below, the undersigned recommends the Court grant the habeas petition in part and order Respondents to provide Petitioner with an individualized bond hearing within ten days or otherwise release him from custody.

## I. Factual background and Petitioner's claims.

Petitioner is a Turkish citizen who entered without inspection near El Paso, Texas around December 22, 2022. Doc. 1, at 6. The Department of Homeland Security served him with a Notice to Appear charging him as present without admission under § 212(a)(6)(A)(i) of the Immigration and Nationality Act (INA). *Id.* ICE released him on recognizance on January 6, 2023. *Id.* at 7. After his release, Petitioner lived in Jacksonville, Florida, and applied for asylum. *Id.* at 7-8.

---

[4] Petitioner filed a motion for a temporary restraining order (TRO) and an emergency motion for a TRO, and Respondents responded to the latter. Docs. 7, 10, 14. Immigration and Customs Enforcement (ICE) temporarily moved Petitioner outside of this district. Doc. 10, at 2. In response to Petitioner's emergency motion, Respondents acknowledge that they cannot remove Petitioner until his order of removal becomes final. Doc. 14, at 2. They further explain that ICE's Enforcement and Removal Operations office is now aware that Petitioner has a pending appeal and he has been returned to the Diamondback Correctional Facility. *Id.* at 1-2. Based on these assertions, the undersigned recommends the Court dismiss the TRO motions as moot.

On September 9, 2026, Oklahoma authorities stopped Petitioner at a weigh station along Interstate 40 in Erick, Oklahoma. *Id.* at 8. ICE then took Petitioner into custody. *Id.* On August 6, 2026, an Immigration Judge (IJ) ordered him to be removed, and Petitioner's appeal of that order remains pending. *See* https://acis.eoir.justice.gov/en/caseInformation (last visited Nov. 25, 2026).

Petitioner raises four grounds for relief: (1) substantive due process (Fifth Amendment); (2) procedural due process (Fifth Amendment) because he has not received a bond hearing; (3) violation of the INA; and (4) exhaustion—he argues he did not need to first ask an IJ for bond before seeking habeas corpus relief and any request would have been futile. Doc. 1, at 13-18.

He asks this Court to (1) assume jurisdiction; (2) issue an order to show cause under 28 U.S.C. § 2243; (3) enjoin Respondents from transferring him outside this District while the case is pending[5]; (4) declare that his continued detention violates 8 U.S.C. § 1226(a) and/or the Fifth Amendment; (5) order Respondents, within seven days, either to release him or to give him an individualized bond hearing before an immigration judge under § 1226(a); (6) order Respondents to file a 28 U.S.C. § 1746 declaration within ten days of the order, stating whether he was released or a bond hearing was held; (7) award

[5] The Court addressed this request in part in its Order for Response, Doc. 9.

fees and costs under the Equal Access to Justice Act, on a separate motion; and (8) grant any other just relief. *Id.* at 19.

## II. Standard of review.

An application for a writ of habeas corpus "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Habeas corpus relief is warranted only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis,* 533 U.S. 678, 687-88 (2001)).

## III. Petitioner is entitled to a bond hearing under 8 U.S.C. § 1226(a).

Respondents concede that *Santillan Quiroz v. Mullin,* 180 F.4th 1226, 1237 (10th Cir. 2026), governs Petitioner's request and that he is entitled to relief in the form of a bond hearing. Doc. 12, at 1-2. The Court should grant him that relief. *See, e.g.*, *Santillan Quiroz*, 180 F.4th at 1247 (explaining that noncitizens subject to [8 U.S.C.] § 1226(a) are "eligible for bond").

"Unlike [8 U.S.C.] § 1225(b)(1), § 1226(a) contemplates individualized custody determinations and authorizes release on bond or conditional parole pending completion of removal proceedings." *Zhakhonov v. Grant*, No. CIV-26-

350-J, 2026 WL 1865418, at *3 (W.D. Okla. June 29, 2026). The Government does not dispute that Petitioner has not received a bond hearing during his current detention. *See* Doc. 12, at 1-2; *Zhakhonov*, 2026 WL 1865418, at *3 ("[T]he process afforded by § 1226(a) itself serves as the mechanism through which a detainee's liberty interest is protected."). Because this is "the very process Congress prescribed for detainees held pursuant to § 1226(a)," the Court should order Respondents to provide Petitioner with a bond hearing under § 1226(a). *Id.*; *see also Navarrete v. Mullin*, No. CIV-26-224-SLP, 2026 WL 2323345, at *2 (W.D. Okla. Aug. 11, 2026) (finding the petitioner had a "protected liberty interest arising from her release on her own recognizance" and that the level of process owed to her was "for Respondents to provide [her] with a bond hearing pursuant to 8 U.S.C. § 1226"); *Todyrenchuk v. Warden of Diamondback Corr. Facility*, No. CIV-26-1243-J, 2026 WL 2186977, at *3 (W.D. Okla. July 29, 2026) ("[T]he Court concludes the proper remedy in this case is not immediate release, but an individualized bond hearing before an Immigration Judge exercising jurisdiction under § 1226(a).").

The Court should thus grant the petition in part and order Respondents to provide Petitioner with a bond hearing under § 1226(a) within ten days; if they fail to do so, they must release Petitioner. *See, e.g.*, *Santillan Quiroz*, 180 F.4th at 1251 n.13 (directing district court to order the Government to provide the petitioner a bond hearing within seven days "[b]ecause [the petitioner] can

properly be subject to detention under § 1226(a)"); *see also Colin v. Holt*, No. CIV-25-1189-D, 2025 WL 3645176, at *6 (W.D. Okla. Dec. 16, 2025) ("Petitioner has not received a bond hearing and Respondents raise no objection challenging their obligations to provide bond hearings for noncitizens that are detained under 8 U.S.C. § 1226(a).").[6]

## IV. Recommendation and notice of right to object.

For the reasons above, the undersigned recommends that the Court grant the petition in part and order Respondents to provide Petitioner with an individualized bond hearing before an IJ under 8 U.S.C. § 1226(a) within ten days after entry of the district court's order granting relief, or release Petitioner if the hearing is not provided within that period. The undersigned also recommends denying the TRO motions as moot. Docs. 7, 10.

The undersigned further recommends that the Court require Respondents to file a status report confirming compliance within ten business days after entry of that order and require the federal Respondents promptly to

---

[6] Given the recommended statutory relief, the undersigned recommends that the Court decline to reach Petitioner's remaining constitutional claims. The Court can grant him relief under § 1226(a). *See Vasquez-Lopez v. Grant*, No. CIV-26-1494-D, 2026 WL 2983729, at *2 n.1 (W.D. Okla. Oct. 5, 2026) ("Given [the Court's grant of relief under § 1226(a)], the Court declines to address Petitioner's remaining claims at this time."); *see also Colin*, 2025 WL 3645176, at *6 n.3 ("Because the Court grants the relief the Petitioner requests based on the applicability of 8 U.S.C. § 1226(a), the Court declines to decide the merits of Petitioner's due process claim.").

provide a copy of the order to counsel for the Warden of the Diamondback Correctional Facility.

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of this Court by December 4, 2026, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72.[7] The undersigned further advises the parties that failure to make timely objections to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 25th day of November, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE

---

[7] Given the expedited nature of these proceedings, the undersigned has reduced the typical objection time to this Report and Recommendation. *See* Fed. R. Civ. P. 72(b)(2) advisory committee's note to 1983 addition (noting that this "does not extend to habeas corpus petitions, which are covered by the specific rules relating to proceedings under Sections 2254 and 2255 of Title 28."); *see also Whitmore v. Parker,* 484 F. App'x 227, 231 & n.2 (10th Cir. 2012) ("The Rules Governing § 2254 Cases may be applied discretionarily to habeas petitions under § 2241" and "while the Federal Rules of Civil Procedure may be applied in habeas proceedings, they need not be in every instance–particularly where strict application would undermine the habeas review process.").